# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40745
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 16, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BOBBY GARCIA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:16-CR-1244-1

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:*

After a Border Patrol agent stopped Bobby Garcia's car near the Mexican border, Garcia conditionally pleaded guilty to conspiring to transport undocumented aliens within the United States. Garcia contends that the agent lacked reasonable suspicion and that therefore the district court erred by denying Garcia's suppression motion. We affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40745

We review the district court's factual findings for clear error and its legal conclusions de novo. *See United States v. Cervantes*, 797 F.3d 326, 328 (5th Cir. 2015). Whether an agent had reasonable suspicion is a legal question. *Id.* Our take on the underlying evidence, however, is deferential; we view it in the light most favorable to the party that prevailed below. *Id.*

Roving Border Patrol agents may stop a car only if they are "aware of specific, articulable facts, together with rational inferences from those facts, that reasonably warrant suspicion that the vehicle is involved in illegal activities." *United States v. Ramirez*, 839 F.3d 437, 439 (5th Cir. 2016) (quotation marks omitted). Reviewing such a stop requires us to study the totality of circumstances and weigh several non-dispositive factors. *Id.*; *see also United States v. Brignoni-Ponce*, 422 U.S. 873, 884–85 (1975). Those factors include: (1) the area's characteristics; (2) the agent's experience in detecting illegal activity; (3) the area's proximity to the border; (4) usual traffic patterns; (5) information about recent illegal trafficking in the area; (6) the car's characteristics (7) the driver's behavior; and (8) the passengers' number, appearance, and behavior. *E.g.*, *Ramirez*, 839 F.3d at 439–40.

The facts here buttress the district court's conclusion. An experienced Border Patrol agent spotted Garcia's car near the border and heading toward the city where the car was registered. Garcia was trailing another car that authorities had recently seen next to a known smuggler. Both cars were traveling more slowly than were the rest and turned onto a rarely traveled road—one that takes longer to reach town, typically hosts windfarm traffic, and smugglers use to bypass a specific checkpoint. We are unpersuaded by Garcia's narrow reading of the record and his "divide-and-conquer" approach to the pertinent factors. *Cf. United States v. Arvizu*, 534 U.S. 266, 274 (2002).

The decision of the district court is AFFIRMED.

2